IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

REPHEL SMITH and TATANEISHA
MITCHELL, individually as the
Co-Personal Representatives of the
Estate of MALIA MITCHELL-SMITH,
deceased, and TATANEISHA MITCHELL,
as the mother and next friend of Javonce
Mitchell, Kalila Mitchell, and
Vishawn Mitchell,

    Plaintiffs,

     v.                                                             No. 11-cv-419  BB/RHS

CAP IV ALBUQUERQUE, LLC, d/b/a
COURTYARD APARTMENTS, F.P.I.
MANAGEMENT, INC., and SETH KELLY,

    Defendants.


**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiffs' motion to remand to state court [Doc. 26]. Plaintiff also moves to stay proceedings, pending resolution of the motion to remand [Doc. 36]. Having reviewed the submissions of the parties and the relevant law, and for the reasons set forth below, the motion to remand will be GRANTED. The motion to stay will be DENIED AS MOOT.


BACKGROUND

This case arises from an apartment fire that took the life of 21-month-old Malia Mitchell Smith [Doc. 12 at 1]. Her family proceeded in state court against the companies who owned and

managed the apartment [*id.* at 2]. The case was promptly removed under diversity jurisdiction [*id.*]. 28 U.S.C. § 1332. The Plaintiffs then moved to join the apartment manager, Seth Kelly, as a non-diverse defendant [Doc. 12 at 2]. The Magistrate Judge granted the joinder, divesting the federal courts of subject matter jurisdiction. 28 U.S.C. § 1332. Thus Plaintiffs now seek to remand the case to state court [Doc. 26]. Defendants oppose the remand, arguing that Mr. Kelly's joinder was in error [Doc. 32]. Defendants allege that Mr. Kelly was joined solely to destroy jurisdiction, and that the Magistrate Judge was unaware the joinder would do so [*id.* at 5-6].

## STANDARD OF REVIEW

The Magistrate Judge has twice found Mr. Kelly a proper defendant in this case, first in granting the joinder, and again in denying a motion to reconsider [Doc's 12, 29]. A district court must defer to a magistrate judge's ruling on non-dispositive matters, unless the ruling is "clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A); *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006); *see also, e.g. Floyd v. Wal-Mart La., LLC,* 2010 U.S. Dist. LEXIS 67496 at *3-4 (D. La. 2010) (magistrate's joinder of a non-diverse party is a non-dispositive matter, reviewed only for clear error). As the Seventh Circuit has put it, "to be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must strike us . . . as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,* 866 F.2d 228, 233 (7th Cir. Ill. 1988).

Even if this joinder were considered dispositive because it inevitably triggers remand, the clear error standard of review would still apply. The decision would be considered a recommendation on a dispositive matter, which can be objected to within fourteen days to the

2

district court. 28 U.S.C. § 636(b)(1)(C). If a party fails to object within fourteen days, the district court retains its power to review the issue, but does so only for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In this case, Defendants did not challenge the Magistrate Judge's ruling on joinder until the matter of remand was raised, over three months later [Doc's 29, 12]. Because Defendants did not file a specific and timely objection, the clear error standard of review would still apply.

For the reasons discussed below, the Magistrate Judge demonstrated no error, let alone clear error. Furthermore, the Court notes that it would reach the same result even applying *de novo* review.

## JOINDER

There are no clear errors in the Magistrate Judge's reasons for joining Mr. Kelly. The Magistrate Judge relied on *Hensgens v. Deere & Co.,* which ruled that in determining a post-removal joinder, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." 833 F. 2d 1179, 1182 (5th Cir. 1987). The Magistrate Judge found that Defendants have failed to prove any aspects of improper joinder under *Hensgens* [Doc. 12]. Defendants alleged but failed to demonstrate bad faith on the part of the Plaintiffs. Defendants did not show that the joinder was either unduly or prejudicially delayed. Defendants cited no specific harm at having to proceed in state court.

On the other hand, Mr. Kelly, as manager of the apartment where the fire burned, is clearly relevant to this case. *See* Fed. R. Civ. P. 20(a) (joinder is permitted when claims against

the additional defendant arise out of the same transaction or occurrence, and involve common questions of law or fact). The Magistrate Judge found that failing to join Mr. Kelly could prejudice Plaintiffs. The Court reasoned "[o]ne concern is that if joinder were denied . . . the company defendants could attempt to direct blame upon the individual employee's empty chair in hopes of the named Defendants avoiding full liability." [Doc. 12 at 3-4]. Defendants have since addressed that one concern, and only that concern, by filing affidavits saying they do not intend to employ the "empty chair" tactic [Doc's 15-1, 15-2]. These affidavits were reviewed by the Magistrate Judge, but did not persuade it to reconsider [Doc. 29]. Such is not a clear error. These affidavits have not thoroughly dispelled all potential prejudice to Plaintiffs. Even if they had, Defendants still have not shown a single affirmative reason to reconsider the joinder of an obviously related party. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (motions to reconsider are "extraordinary," and granted only in "exceptional circumstances"). Therefore, the joinder of Mr. Kelly is once again affirmed.

## REMAND

Soon after the Magistrate Judge permitted the joinder, Defendants moved to reconsider. Because the motion to reconsider was pending, and because no order to remand had yet been granted, the Magistrate Judge has continued to issue rulings. Contrary to Defendants' suggestion, the Magistrate Judge's execution of its duties does not indicate it was confused about jurisdiction, or unaware of the eventual remand. Rather, the Magistrate Judge directly addressed Mr. Kelly's effect on federal jurisdiction. The Magistrate Judge addressed and dismissed arguments that the sole purpose for joinder was to defeat diversity jurisdiction [Doc. 12 at 3]. The Magistrate Judge also addressed and dismissed arguments that Defendants would be

prejudiced by a remand to state court [Doc. 12 at 3-4]. The Magistrate Judge was acutely aware that remand was likely, noting "[t]he issue of remand to the state court is reserved to the trial court" [Doc. 12 at 1]. The Magistrate Judge's observation is well-taken. Because Mr. Kelly has been properly joined as a non-diverse defendant, this Court no longer has jurisdiction, and remand is appropriate.

## CONCLUSION

The Magistrate Judge did not err in ruling, and was fully aware of that ruling's impact. Therefore, the joinder of Seth Kelly is affirmed, and the motion to remand shall be granted.

Dated this 10th day of January, 2012.

*[signature: Bruce D. Black]*

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE